Joseph A. Cox, S.
The accounting executor moves to strike allegations from an answer interposed by the testator’s widow and to dismiss certain of her objections to the executor’s account. The allegations of the answer to which the motion is addressed consist of a denial that the testator was a New York resident, a claim that his residence was in Florida and a contention that all beneficiaries under the will should be made parties to this accounting proceeding. The objections to which the motion is addressed reiterate the claim of Florida residence, assert that taxes have been paid improperly to the State of New York, raise issue as to the propriety of a payment to the testamentary trustee and objection 40 is an indefinite claim of general inaccuracy in the account. This last objection is dismissed as failing to raise an issue and as improper pleading.
The prayer for relief in the answer and objections of the widow requests that a determination of the testator’s domicile be made, that the court construe a settlement agreement entered into by the widow in connection with the probate of the will, that the settlement agreement be set aside for fraud, misrepresentation and lack of consideration, that she be granted a widow’s share of the estate pursuant to Florida law and that her attorneys be granted a fee.
The widow, under the guise of a petition to amend the probate decree, heretofore attempted to create an issue as to the testator’s domicile and at the same time to rescind the settlement agreement. The court dismissed that application and pointed out that any effort to rescind or attack the settlement agreement should be made by a petition directed to that end and upon notice to all parties affected (N. Y. L. J., Nov. 9,1960, p. 14, cols. 4r-5). It now appears that the widow once again is attempting to obtain by indirection a relief which she is disinclined to seek by direct application. Although the widow has not pleaded grounds for an attack upon the settlement agreement, she asks in her prayer for relief that the agreement be set aside. At the same time the widow asks that the agreement be construed. It is the position of the executor that the agreement bars the widow not only from asserting that the testator was a domiciliary of Florida but from asserting any right under Florida law. If a basis exists for setting aside the settlement agreement, any judicial construction of this agreement, later proved to be invalid, would be a mere academic exercise. For such reason. *692 the court will not attempt to construe the agreement until the widow shall have had an opportunity to institute a proper and. separate proceeding to set aside the agreement. Her present request for this relief cannot be given consideration because, in the first place, she has not pleaded any fact in support of her claims of fraud, lack of consideration and misrepresentation and, in the second place, the parties to the agreement are not before the court. The widow’s son was a beneficiary of the agreement and a party to it and, while he has been cited upon the accounting, the citation served upon him conveyed no notice to him that the settlement agreement was under attack. An attorney also benefited from the agreement and he is not a party to the accounting proceeding. If there is any merit to paragraph 2 of the widow’s answer, persons interested in the estate also are necessary parties to a proceeding to set aside the agreement.
The widow will be given a period of 20 days from the publication of this decision to file a petition and cause citation to issue in any proceeding directed to the validity of the settlement agreement. Since the present motion fundamentally involves a construction of the agreement and its legal effect as a valid agreement, a decision will be reserved upon this motion until the widow shall have availed herself of the opportunity here granted to institute a proper proceeding and a determination shall have been made as to the validity of the agreement. If the widow shall fail to institute a proceeding within the time granted to her for such purpose, decision of the motion will be made.